Filed 11/27/23  P. v. Cunningham CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B324592 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA138500) |
| v. | |
| EUGENE EVERETTE CUNNINGHAM, | |
| Defendant and Appellant. | |

APPEAL from the order of the Superior Court of Los Angeles County.  Kelvin D. Filer, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Eugene Everette Cunningham appeals from the summary denial of his petition for resentencing pursuant to Penal Code section 1170.95. Former section 1170.95 was renumbered and recodified as section 1172.6 with no change in the text. (Stats. 2022, ch. 58, § 10.) For clarity, we refer to former section 1170.95 only by its new designation (section 1172.6).

Defendant contends the court prejudicially erred in failing to grant his request for appointed counsel who could have presented argument demonstrating that he lacked the intent to kill as required under current law. He says a reversal is therefore warranted to allow for the appointment of counsel, full briefing and a hearing on his petition.

We conclude any error in declining to appoint counsel was harmless and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In August 2015, defendant, an admitted member of the Carver Park Compton Crips gang, fired several gunshots at a passing car in which members of a rival gang were riding.

Defendant was charged with two counts of premeditated attempted murder (Pen. Code, §§ 187, subd. (a), 664; counts 1 & 2), one count of shooting at an occupied vehicle (§ 246; count 5) and one count of a being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 6). Personal firearm use allegations were alleged as to counts 1 and 2 (§ 12022.52, subds. (b) & (c)) and gang allegations were alleged as to all counts. It was alleged defendant had suffered a prior felony conviction for attempted burglary. Counts 3 and 4 (shooting at an inhabited dwelling) were dismissed before trial pursuant to section 1385.

2

Defendant testified at trial and said that in August 2015, Carver Park had been in a feud with a rival gang called Athens Miller Bloods for almost a year. Defendant admitted he was carrying a .357-caliber handgun on the day of the shooting. He said that, as he was leaving a basketball game at a neighborhood park, a car passed him. An Athens Miller gang member was hanging out one of the car's windows, appeared to be "clutching" a gun and yelled out the Athens Miller name. Defendant believed the Athens Miller gang member was going to shoot so he fired his gun four times at the car.

The jury found defendant guilty of shooting at an occupied vehicle, two counts of attempted voluntary manslaughter (as a lesser charge of attempted murder) and possession of a firearm by a felon. The jury also found true the gang and personal firearm use allegations. Defendant was acquitted on the two counts of attempted murder.

The court imposed a life sentence on count 5 (shooting at an occupied vehicle) with a 15-year minimum parole eligibility based on the gang finding (Pen. Code, § 186.22, subd. (b)(4)(B)), plus five years for the prior felony enhancement (§ 667, subd. (a)(1)). The court imposed and stayed sentence on the remaining counts, including both counts of attempted voluntary manslaughter.

In 2018, this court affirmed defendant's conviction. (*People v. Cunningham* (Mar. 20, 2018, B280495) [nonpub. opn.].) We granted a limited remand, in light of the passage of Senate Bill 620 (2017–2018 Reg. Sess.), during the pendency of that appeal, to allow the trial court the opportunity to exercise its newly granted discretion to strike or dismiss the firearm use enhancements and to correct an error in the abstract of judgment regarding count 6. (*People v. Cunningham, supra,* B280495.) At

a hearing on June 26, 2018, the trial court ordered correction of the abstract of judgment, elected not to strike or dismiss the firearm use allegations and did not resentence defendant.

In 2022, after the passage of Senate Bill 1437 (2017–2018 Reg. Sess.) and Senate Bill 775 (2021–2022 Reg. Sess.), defendant filed, in propria persona, a form petition requesting resentencing pursuant to section 1172.6 in which he stated under oath that he had been charged with and convicted of "murder, attempted murder, or manslaughter" (boldface and underscore omitted) and could not now be so convicted under the law as amended by Senate Bill 1437. Defendant requested the appointment of counsel.

The petition was assigned to the Honorable Kelvin D. Filer, the judge who presided over defendant's jury trial in 2016. The court did not appoint counsel for defendant and did not order briefing.

The court summarily denied defendant's petition without a hearing, explaining that defendant was "not entitled to relief as a matter of law for the following reasons: [¶] [Defendant] was convicted of two counts of attempted voluntary manslaughter as lesser charges to the charge of attempted murder, and the court file reflects that [defendant] was the actual shooter and was not convicted under a theory of aiding and abetting. [¶] [Defendant] was the sole defendant in the case. There are no jury instructions for aiding and abetting or natural and probable consequences. [¶] [Defendant] testified in his own defense and admitted being the shooter. [¶] The appellate opinion confirming [defendant's] conviction reflects that [defendant] was the actual shooter."

4

This appeal followed. We grant defendant's request for judicial notice of our opinion in his direct appeal (case No. B280495), and grant the People's request for judicial notice of the record in that appeal.

## DISCUSSION

We independently review the denial of a section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.) Our review of the record here demonstrates that if the trial court erred in denying defendant's request for the appointment of counsel, the error was harmless because defendant is ineligible for relief as a matter of law.

Section 1172.6, subdivision (b)(3) provides in relevant part that upon receipt of a petition that complies with the requirements of subdivision (b)(1), "the court shall appoint counsel to represent the petitioner." In *People v. Lewis* (2021) 11 Cal.5th 952, 962–963 (*Lewis*), the Supreme Court resolved a split in the Courts of Appeal and concluded the statutory scheme specifies only one prima facie review and petitioners who file a facially compliant petition are entitled to the appointment of counsel to assist them in demonstrating prima facia eligibility for relief.

*Lewis* held the denial of counsel under section 1172.6, subdivision (b)(3) is "state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818." (*Lewis*, *supra*, 11 Cal.5th at pp. 957–958.) A defendant must show a reasonable probability that but for the trial court's error, he would have obtained a more favorable result. (*Id*. at p. 974.) More specifically, he must demonstrate that had he been afforded his statutory right to counsel, it is reasonably probable his petition

5

would not have been summarily denied without an evidentiary hearing.  (*Ibid*.)  Defendant cannot demonstrate that here.

Defendant was *not* convicted of a crime enumerated in section 1172.6, subdivision (a).  Section 1172.6 provides an opportunity for sentencing relief *only* to those individuals convicted of felony murder, murder or attempted murder under the natural and probable consequences doctrine or other theory of imputed malice, and manslaughter.  Defendant was convicted of shooting at an occupied vehicle and attempted voluntary manslaughter, neither of which falls within the scope of the statute.

Defendant argues that attempted voluntary manslaughter is so similar to attempted murder that it is not unreasonable to construe section 1172.6 as also applying to attempted voluntary manslaughter.  The Legislature passed Senate Bill 775 specifically adding the crimes of manslaughter and attempted murder to the list of offenses for which relief is available.  They could have also added attempted manslaughter but did not do so. It is not our role to add words to the statutory language and we decline to do so.  (*People v. Chambless* (1999) 74 Cal.App.4th 773, 783 ["In construing any particular provision of a statute, we do not insert words into it as such would 'violate the cardinal rule that courts may not add provisions to a statute' " (italics omitted)].)

Even if we were to construe section 1172.6 as applying to attempted voluntary manslaughter, we would affirm, because the record of conviction unequivocally demonstrates defendant was not charged or tried as an accomplice or aider and abettor, but as the actual shooter who acted alone with the intent to kill.  The jury was not instructed with the natural and probable

consequences doctrine or other theory of imputed malice. The jury was instructed with CALCRIM No. 604 which told them that in order to find defendant guilty of attempted voluntary manslaughter, they must find beyond a reasonable doubt that he acted with the intent to kill. The jury also found true the allegation that defendant personally used and discharged a firearm in the commission of the offenses. The petition was properly denied. (*People v. Harden* (2022) 81 Cal.App.5th 45, 59 [petition properly denied at prima facie stage where record of conviction conclusively established "with no factfinding, weighing of evidence, or credibility determinations" that the defendant was the actual killer].)

## DISPOSITION

The order denying defendant and appellant Eugene Everette Cunningham's petition for resentencing is affirmed.

GRIMES, J.

WE CONCUR:

STRATTON, P. J.

VIRAMONTES, J.

7